UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHERRIFF COOPER,<br><br>Defendant | Criminal No. 21cr10184<br><br>Violations:<br><br><u>Count One</u>: Sex Trafficking of a Minor and by Force, Fraud, and Coercion<br>(18 U.S.C. §§ 1591(a)(1), (b)(1) and (b)(2))<br><br><u>Count Two</u>: Transportation of a Minor with Intent to Engage in Criminal Sexual Activity<br>(18 U.S.C. § 2423(a))<br><br><u>Count Three</u>: Forced Labor<br>(18 U.S.C. § 1589(a))<br><br><u>Sex Trafficking and Forced Labor Forfeiture Allegation</u>:<br>(18 U.S.C. § 1594(d) and 28 U.S.C. § 2461(c))<br><br><u>Transportation Forfeiture Allegation</u>:<br>(18 U.S.C. §§ 981(a)(1)(C), 2428(a) and 28 U.S.C. § 2461(c)) |

<u>INDICTMENT</u>

<u>COUNT ONE</u>
Sex Trafficking of a Minor and by Force, Fraud, and Coercion
(18 U.S.C. §§ 1591(a)(1), (b)(1) and (b)(2))

The Grand Jury charges:

From in or about February 2018 and continuing through in or about September 2018, in the District of Massachusetts, the Southern District of New York, and elsewhere, the defendant,

SHERRIFF COOPER,

did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit by any means Minor A, a person known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force,

fraud, coercion, and any combination of such means, would be used to cause Minor A to engage in a commercial sex act, and knowing and in reckless disregard of the fact that Minor A had not attained the age of 18 years and would be caused to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1) and (b)(2).

## COUNT TWO
Transportation of a Minor with Intent to Engage in Criminal Sexual Activity
(18 U.S.C. § 2423(a))

The Grand Jury further charges:

On or about April 30, 2018, in the District of Massachusetts, the Southern District of New York, and elsewhere, the defendant,

SHERRIFF COOPER,

did knowingly transport Minor A, an individual known to the Grand Jury who had not attained the age of 18 years, in interstate commerce, that is, between Massachusetts and New York, with the intent that Minor A engage in prostitution and in any sexual activity for which a person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Section 2423(a).

## COUNT THREE:
### Forced Labor
### (18 U.S.C. § 1589(a))

The Grand Jury further charges:

From in or about April 2018 and continuing through in or about April 2019, in the District of Massachusetts, the Southern District of New York, and elsewhere, the defendant,

### SHERRIFF COOPER,

did knowingly provide and obtain the labor and services of Minor A, a person known to the Grand Jury, by means of force, threats of force, physical restraint, and threats of physical restraint to Minor A, by means of serious harm and threats of serious harm to Minor A, by means of the abuse and threatened abuse of law and legal process, and by means of a scheme, plan, and pattern intended to cause Minor A to believe that, if Minor A did not perform such labor and services, Minor A would suffer serious harm and physical restraint, and any combination of such means.

All in violation of Title 18, United States Code, Section 1589(a).

## SEX TRAFFICKING AND FORCED LABOR FORFEITURE ALLEGATION
(18 U.S.C. § 1594(d) and 28 U.S.C. § 2461(c))

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1589 and 1591, set forth in Counts One and Three, the defendant,

SHERRIFF COOPER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), and Title 28 United States Code, Section 2461(c): (1) the defendant's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property; and (2) any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained, directly or indirectly, as a result of such offenses, and any property traceable to such property.

2. If any of the property described in paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 1594(d) and Title 28 United States Code, Section 2461(c), as a result of any act or omission of the defendant –

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of this Court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c).

## TRANSPORTATION FOR PROSTITUTION FORFEITURE ALLEGATION
## (18 U.S.C. §§ 981(a)(1)(C), 2428(a) and 28 U.S.C. § 2461(c))

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 2423, set forth in Count Two, the defendant,

SHERRIFF COOPER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428(a), and Title 28 United States Code, Section 2461(c), the defendant's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 2428(a), and Title 28 United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained, directly or indirectly, as a result of such offense.

2.  If any of the property described in paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 2428(a), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 2428(a), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

STEPHEN HASSINK
LAUREN GRABER
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: June __10__, 2021
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo

DEPUTY CLERK
at 11:36 AM