United States District Court
District of Massachusetts

|   |   |   |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 21-10184-NMG |
| Sherriff Cooper, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves charges arising from the relationship between Sherriff Cooper ("Cooper" or "defendant") and the mother of his youngest child. Pending before the Court is Cooper's motion for the revocation of a detention order pending trial and for pretrial release.

### III. Background

On July 8, 2021, Cooper was arrested in connection with an indictment charging him with sex trafficking of a minor and by force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1) and (b)(2) (Count I), transportation of a minor with intent to engage in criminal sexual activity, in

violation of 18 U.S.C. § 2423(a) (Count II) and forced labor, in violation of 18 U.S.C. § 1589(a) (Count III).

The purported victim alleges that she met Cooper and began a sexual relationship with him in 2016, while he was working as a security guard at a shelter for pregnant teens in Boston where she was then residing. Over the next several years, the purported victim claims that Cooper trafficked her for sex work around Boston and subsequently forced her to work as a stripper in New York, using violence, intimidation and threats to keep her earnings for his benefit. In 2019, the purported victim gave birth to a child by Cooper. Sometime thereafter, the purported victim returned to Massachusetts where she obtained an active restraining order against Cooper.

Cooper was arrested at his mother's house in New York and his detention hearing occurred in the United States District Court for the Southern District of New York. After that hearing, United States Magistrate Judge James Cott ordered Costa detained until trial despite a recommendation of pre-trial services to release him with conditions. Although Magistrate Judge Cott concluded that Cooper was not a substantial flight risk, he found that the government had met its burden of proving that no condition or combination of conditions would reasonably

assure the safety of the community and, specifically, of the purported victim. The Magistrate Judge based his decision in large part upon the nature and circumstances of the offenses charged, as well as the weight of the evidence against the defendant. Cooper was detained and transferred to the District of Massachusetts.

On October 26, 2021, Cooper filed the pending motion challenging the detention order and seeking release from custody pending trial.

**IV.  Motion for Release from Custody**

    **A.  Legal Standard**

Section 3142(e) of Title 18 of the United States Code provides that a judicial officer may detain a defendant pending trial if, after a hearing, the judicial officer finds that:

> no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

18 U.S.C. § 3142(e). The deciding judicial officer must consider: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the person and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Where, as here,

"there is probable cause to believe that the [defendant] committed...an offense involving a minor victim" under § 1591 or § 2423 of Title 18, a rebuttable presumption arises that no condition or combination of conditions for release will assure the defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e)(3). Once that presumption is in place, the defendant must produce "some evidence" to rebut it. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Nevertheless, production of such evidence does not cause the presumption to "disappear". Id. "The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Id.

An individual ordered detained by a magistrate judge may file a motion in the district court with original jurisdiction over the offense seeking review of the magistrate judge's order. See 18 U.S.C. § 3145(b). The district court must engage in de novo review of the contested order. United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017).

**B.   Application**

The defendant does not challenge the application of a presumption of detention because he is charged with offenses involving a minor victim. See 18 U.S.C. § 3142(e)(3)(A).

Instead, Cooper contends that he should be released because he has rebutted the presumption of detention and the government has not met its burden.

After reviewing the evidence presented at the detention hearing, the Court agrees with Magistrate Judge Cott that the government has demonstrated that no condition or combination of conditions would reasonably assure the safety of the community and, specifically, that of Cooper's alleged victim.

Three of the four factors to be considered in reaching this determination weigh heavily against the defendant.  As Cooper's counsel has admitted, the charges against the defendant are serious and stem from the purported abuse of his position as a security guard at a shelter where the alleged victim resided and took place over several years.  The evidence against the defendant, which includes not only the victim's own testimony but also documentary evidence and the testimony of disinterested witnesses, is abundant.  The government has also proffered evidence that the defendant has threatened the victim with physical violence.

Both at the detention hearing and in his pleadings, Cooper relies primarily upon the third statutory factor, i.e. his personal history and characteristics, to argue that he should be

released. Cooper avers that the alleged crimes are anomalous because he has no prior conviction involving violence or serious criminal conduct. Furthermore, Cooper emphasizes that he is actively engaged in the support and parenting of his two older children who reside with his mother in New York City, proposes to live at his mother's house pending trial, and is willing to accept any conditions that the Court deems appropriate.

As Magistrate Judge Cott noted, however, Cooper's personal characteristics do not uniformly advance his case. The defendant has been unemployed since 2020 and has moved between New York, New Jersey, Massachusetts and Georgia until recently. In the context of the three other statutory factors, defendant's contention does little to rebut the presumption under 18 U.S.C. § 3142(e)(3).

Based upon these facts, the Court concludes that Cooper should be detained prior to trial.

**ORDER**

For the foregoing reasons, the motion of Sherriff Cooper for revocation of the detention order and release from custody pending trial (Docket No. 26) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 9, 2021