United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 21-10184-NMG |
| Sherriff Cooper, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves sex trafficking charges arising from the relationship between Sherriff Cooper ("Cooper" or "defendant") and the mother of his youngest child.  Pending before the Court are Cooper's motions to dismiss and quash his indictment.

I.  **Background**

On June 10, 2021, a three-count indictment was returned charging Cooper with sex trafficking of a minor and by force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1) and (b)(2) (Count I), transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count II) and forced labor, in violation of 18 U.S.C. § 1589(a) (Count III).

The purported victim alleges that she met Cooper in 2017 when he was working as a security guard at St. Mary's Center for Women and Children in Dorchester, Massachusetts, a shelter for pregnant teens where she was then residing. The victim claims she told defendant she was 15 years old, and although he was 30 years old, he initiated a sexual relationship with her.

Over the next several years, the purported victim claims that Cooper trafficked her for sex work around Boston. He posted advertisements on websites, provided the purported victim with a cell phone and instructed her always to answer the phone for prostitution customers. In 2018, Cooper transported the victim to New York, where he continued to traffic her for sex work and subsequently forced her to work as a stripper, using violence, intimidation and threats to keep her earnings for his benefit. In 2019, the victim became pregnant with Cooper's child and traveled to Massachusetts after he beat her so severely that she worried she would lose the baby. Sometime after the child's birth, the victim moved back in with Cooper, before returning to Massachusetts permanently when he again became violent toward her, and she obtained an active restraining order against Cooper.

Cooper was arrested on July 8, 2021, at his mother's house in New York. His detention hearing occurred in the Southern District of New York, where United States Magistrate Judge James Cott ordered him detained until trial due to the nature and circumstances of the offenses charged, the weight of the evidence against him and to assure the safety of the community and the purported victim. Cooper was detained and later transferred to the District of Massachusetts.

On June 23, 2022, Cooper filed the pending motions, pro se, challenging the legality of his indictment.[1]

## II. Motions to Dismiss and Quash Indictment

### A. Legal Standard

A federal court's power to dismiss an indictment is reserved for "extremely limited circumstances." Whitehouse v. U.S. Dist. Court for Dist. of Rhode Island, 53 F.3d 1349, 1360 (1st Cir. 1995). Indeed, "[i]n the normal course of events, a facially valid indictment returned by a duly constituted grand

---

[1] Cooper is represented by his second appointed counsel. On June 27, 2022, Magistrate Judge Bowler allowed defendant's motion to proceed pro se (Docket No. 50) during the initial and discovery phases of the case with the assistance of court-appointed CJA counsel who was to serve in an advisory capacity. She denied the same motion without prejudice with respect to whether defendant will be allowed to continue in a pro se status for trial.

jury calls for a trial on the merits." United States v. Stokes, 124 F.3d 39, 44 (1st Cir. 1997).

In contrast to a complaint in a civil action, an indictment in a criminal case generally is not subject to dispositive motion practice. See Stokes, 124 F.3d at 44 ("[D]ismissing an indictment is an extraordinary step."). A federal court that uses its supervisory power to dismiss an indictment runs the risk of "directly encroach[ing] upon the fundamental role of the grand jury." Whitehouse, 53 F.3d at 1360.

**B.   Application**

Defendant moves to dismiss and quash the indictment because he claims that the indictment does not explain the charged crime in sufficient detail. The First Circuit Court of Appeals instructs that:

> an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004) (quoting Hamling v. United States, 418 U.S 87, 117 (1974)). Further, pursuant to Fed. R. Crim. P. 7(c)(1), an indictment must contain a "plain, concise and definite written statement of the essential facts constituting the offense charged."

The three counts in the indictment track the language of the statutes prohibiting sex trafficking of a minor, 18 U.S.C. § 1591(a)(1), (b)(1) and (b)(2), transportation of a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a), and forced labor, 18 U.S.C. § 1589(a). Because the indictment identifies the elements of each charged offense, it informs the defendant of the charges against which he must defend.

Furthermore, the counts in the indictment specify the dates or the ranges of dates and locations of each charged crime. These essential facts provide defendant with sufficient information to prepare a defense. The First Circuit Court of Appeals has held that the government is not required to set forth all its evidence in the indictment and thus, the Court rejects defendant's claim that he is ignorant of the crimes he is alleged to have committed. See United States v. Innamorati, 996 F.2d 456, 477 (1st Cir. 1993).

Finally, since the initial indictment, the government has provided defendant with significant pre-trial discovery that outlines specific dates and locations, including record evidence from third parties, cell phone records, and the full grand jury testimony of the victim. Accordingly, the Court is unimpressed

by defendant's argument that he is insufficiently aware of the charged crimes and is unable to prepare a defense for trial or avoid double jeopardy.

### ORDER

For the foregoing reasons, defendant's motion to dismiss (Docket No. 63) and motion to quash indictment (Docket No. 64) are **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 30, 2022