UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 21-10184-NMG


UNITED STATES OF AMERICA

v.

SHERRIFF COOPER


**REPORT AND RECOMMENDATION RE:**
**DEFENDANT'S MOTION TO SUPPRESS GOVERNMENT WITNESS TESTIMONY**
**(DOCKET ENTRY # 93)**

**July 12, 2023**

**BOWLER, U.S.M.J.**

Pending before this court is a pro se motion to suppress government witness testimony filed by defendant Sherriff Cooper ("defendant").[1]  (Docket Entry # 93).  The United States of America ("the government") opposes the motion.  (Docket Entry # 95).  This court heard argument on the motion and took it under advisement.  (Docket Entry # 102).

PROCEDURAL BACKGROUND

On June 10, 2021, a grand jury indicted defendant on three counts: (1) sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. §§ 1591 (a)(1), (b)(1) and (b)(2) (Count I); (2) transportation of a minor with intent to

---

[1] Defendant was allowed to proceed pro se during the initial and discovery phases of the case with the assistance of court appointed CJA counsel, who is currently serving in an advisory capacity.  (Docket Entry # 67).

engage in criminal sexual activity in violation of 18 U.S.C. §
2423(a) (Count II); (3) and forced labor in violation of 18
U.S.C. § 1589(a) (Count III). (Docket Entry # 1). During grand
jury proceedings, a witness ("Minor A") testified in support of
the government's case against defendant.

DISCUSSION

Defendant moves to suppress Minor A's grand jury testimony
on the basis that Minor A made false declarations, thereby
infringing his Fifth and Fourteenth Amendment rights. (Docket
Entry # 93). In opposition, the government maintains that there
was sufficient evidence before the grand jury to indict, that
defendant has not established that there is any false testimony
by Minor A, and that the issues raised by defendant are not
suitable for pretrial disposition. (Docket Entry # 95).

Because "a grand jury proceeding is not a trial[,]" it is
"only after a conviction following a trial is sufficiency of the
evidence an appropriate issue." United States v. Casas, 425
F.3d 23, 38 (1st Cir. 2005). As such, "[a]n indictment returned
by a legally constituted and unbiased grand jury 'is not subject
to challenge on the ground that the grand jury acted on the
basis of inadequate or incompetent evidence.'" Id. (quoting
United States v. Calandra, 414 U.S. 338, 345 (1974)). Defendant
does not allege that the grand jury was illegally constituted
and/or biased. Additionally, an indictment that is facially

2

valid and returned by a legally constituted nonbiased grand jury, satisfies the requirements of the Fifth Amendment. <u>See</u> <u>Lawn v. United States</u>, 355 U.S. 339, 349 (1958); <u>see also</u> <u>Holt v. United States</u>, 218 U.S. 245 (1910) (ruling that quashing an indictment returned by grand jury that heard incompetent evidence would enhance abuses of criminal practice). Furthermore, a court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is merely a preliminary phase and all constitutional protections are afforded at trial. <u>United States v. Flores-Rivera</u>, 56 F.3d 319, 328 (1st Cir. 1995) ((quoting <u>United States v. Valencia-Lucena</u>, 925 F.2d 506, 511 (1st Cir. 1991) (Court finds that dismissal of indictment is not warranted after defendant alleges that testimony from witness before grand jury was replete with perjury and government cooperation or negligence)). As such, to the extent defendant challenges the sufficiency of the evidence supporting the indictment, such challenge is premature.

At its core, defendant's motion challenges the credibility of the testifying government witness. First, he asserts that following <u>Mesarosh v. United States</u>, 352 U.S. 1 (1956), "the governments [sic] witness testimony is tainted due to manufacturing evidence in another proceeding involving charged defendant." (Docket Entry # 93, p. 5). In <u>Mesarosh</u>, unlike

3

here, not only the petitioners, but also the government, challenged the credibility of a government witness.  Id. at 10.

Second, defendant argues that, under Napue v. People of State of Ill., 360 U.S. 264 (1959), "the government cannot continue to prosecute his case using the tainted testimony [of Minor A] . . . [and] to continue to allow the taint[ed] [case] to proceed is a violation of the 14th amendment."  (Docket Entry # 93, p. 7).  Defendant is arguing that the government knowingly refused to correct false evidence presented to the grand jury and, as a result, has infringed upon his Fourteenth Amendment due process rights.  (Docket Entry # 93, p. 7).  In Napue, there was evidence that the prosecuting attorney knew that key witness testimony was false but did not correct the testimony because "he felt a moral obligation" to assist the cooperating witness. Napue, 360 U.S. at 267.  Both cases occurred within the context of witness testimony at *trial*, rather than witness testimony at *grand jury proceedings*.  Additionally, defendant points to no evidence that the government here knowingly presented false testimony to the grand jury.  Critically, determining a witness's credibility is within the purview of the petit jury at trial, and thus a court "must defer all credibility judgments [regarding a grand jury witness] to the jury."  United States v. O'Brien, 14 F.3d 703, 706 (1st Cir. 1994).  Accordingly, this court concludes that defendant's credibility challenge to Minor

4

A's testimony is also not appropriate for consideration at this time.

CONCLUSION

For the foregoing reasons, this court **RECOMMENDS**[2] that the defendant's motion to suppress (Docket Entry # 93) be **DENIED.**

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made, and the basis for such objection should be included. See Fed. R. Civ. P. 72(b).  Any party may respond to another party's objections within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.