**United States District Court**
**District of Massachusetts**

|                           |     |                           |
|---------------------------|-----|---------------------------|
| **United States of America** | )   |                           |
|                           | )   |                           |
|  **v.**                   | )   | **Criminal Action No.**   |
|                           | )   | **21-cr-10184-NMG**       |
| **Sheriff Cooper,**       | )   |                           |
|                           | )   |                           |
|  **Defendant.**           | )   |                           |
|                           | )   |                           |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before this Court is a pro se motion by defendant Sherriff Cooper ("defendant" or "Cooper") to dismiss Count One of the Indictment in this criminal proceeding (Docket No. 217-1).  After considering defendant's initial memorandum and his reply to the government's opposition (Docket No. 228), defendant's motion will be denied.

Count One of the Indictment charges defendant with a violation of 18 U.S.C. § 1591 ("Section 1591") (sex trafficking of children or by force, fraud, or coercion).  It states that,

> From in or about February 2018 and continuing through
> in or about September 2018, in the District of
> Massachusetts, the Southern District of New York, and
> elsewhere, the defendant . . . did knowingly, in and
> affecting interstate commerce, recruit, entice,
> harbor, transport, provide, obtain, advertise,
> maintain, patronize and solicit by any means Minor A,

-1-

a person known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause Minor A to engage in a commercial sex act, and knowing and in reckless disregard of the fact that Minor A had not attained the age of 18 years and would be caused to engage in a commercial sex act.

In the pending motion, defendant argues that Count One is insufficient because it fails to charge him with every essential element of the alleged crime. Specifically, defendant asserts that the verbs, "recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit" each serve as substantive elements of Section 1591. He insists that the government improperly presented these elements as "means" to the grand jury, thereby violating his constitutional rights and Fed. R. Crim. P. 7.

Defendant misunderstands the difference between "means" and "elements". A recent explanation of those terms by the First Circuit Court of Appeals clarifies the distinction:

> Means . . . are the different ways that a single element of a crime may be committed; and unlike elements, the government need not prove a particular means to obtain a conviction (any of the listed means will do).

King v. United States, 965 F.3d 60, 66 (1st Cir. 2020). Section 1591 identifies ten different acts in which a person may engage to commit the offense of sex trafficking of a minor:

-2-

> recruits, entices, harbors, transports, provides,
> obtains, advertises, maintains, patronizes, or
> solicits by any means . . . .

18 U.S.C. § 1591(a)(1).  The enumerated acts do not carry

different punishments and are not identified as elements. See

Mathis v. United States, 579 U.S. 500, 518 (2016).  They simply

describe "different ways that a single element of [the] crime

may be committed." King, 965 F.3d at 66.

It is clear, then, that the enumerated acts constitute

means, not elements. See United States v. Lewis, 2021 WL

2809819, at *6 n.1 (D.D.C. July 6, 2021) (agreeing that the acts

listed in § 1591(a)(1) are "the various means by which the

trafficking element of a sex-trafficking crime can be satisfied"

(cleaned up)); United States v. Corley, 679 F. App'x 1, 5 (2d

Cir. 2017) (summary order), cert. denied, 138 S. Ct. 205 (2017)

(explaining that all of Section 1591(a) constitutes a single

element).  The jury is not required to agree on which of the

potential means the defendant used to commit the trafficking

element of the crime. See Mathis, 579 U.S. at 517-18 (explaining

how listed premises in state burglary law are "alternative

methods of committing one offense, so that a jury need not agree

whether the burgled location was a building, other structure, or

vehicle" (cleaned up)); Richardson v. United States, 526 U.S.

813, 817 (1999) ("Where, for example, an element of robbery is

force or the threat of force, some jurors might conclude that

the defendant used a knife to create the threat; others might

conclude he used a gun. But that disagreement -- a disagreement

about means -- would not matter as long as all 12 jurors

unanimously concluded that the Government had proved the

necessary related element, namely that the defendant had

threatened force.").

In addition, contrary to defendant's contention, inclusion

in the list of "by any means" does not violate the canon of

surplusage because that language only "tells us that the types

of actions enumerated . . . can be committed by any method."

Lewis, 2021 WL 2809819, at *6 n.1.

Defendant separately challenges the use in Count One of the

conjunctive ("and") in listing the enumerated acts where the

statute uses the disjunctive ("or").  That argument is without

merit because

> it is well-established that where an indictment
> charges in the conjunctive (using "and"), but the
> statute is framed in the disjunctive (using "or"), the
> government need only prove one of the charged acts at
> trial.

United States v. Torres-Colón, 790 F.3d 26, 34 (1st Cir. 2015).

The Indictment's use of the conjunctive sufficiently apprised

Cooper of the government's charges against him. See United

States v. Fontana, 948 F.2d 796, 801 (1st Cir. 1991).

-4-

In sum, Count One of the Indictment properly tracks the text of Section 1591, is not improperly broad and puts defendant on notice of the charges against him.  It does not offend defendant's constitutional rights or Fed. R. Crim. P. 7.

**ORDER**

For the foregoing reasons, defendant's motion to dismiss Count One of the Indictment (Docket No. 217-1) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: January 12, 2024