United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America   )<br>                            )<br>            v.              )<br>                            )<br>Sherriff Cooper,            )<br>                            )<br>            Defendant.      )<br>                            ) | Criminal Action No.<br>21-cr-10184-NMG |

**ORDER**

**GORTON, J.**

The Court has just now become aware of seven motions of defendant Sherriff Cooper ("defendant") filed <u>pro se</u> that were not dealt with at the final pretrial conference on February 15, 2024. Six of those (Docket Nos. 237-1, 239-1, 240-1, 241-1, 244-1, 245-1) are treated as motions for reconsideration and **DENIED** for the reasons provided in the Court's prior orders (Docket Nos. 184, 185 and 235). Defendant is reminded yet again that duplicative and frivolous filings waste judicial resources and slow the progress of justice. <u>See</u> Docket No. 185.

The defendant's seventh motion (Docket No. 238-1) requests that the Court modify the protective order in this case to 1) require the government to produce all five phones that were in

the possession of the alleged victim and 2) remove redactions on text messages produced from those phones.

There is no basis to amend the protective order on the eve of trial. The order, to which defendant assented in August, 2021 (Docket No. 17) and which has remained in effect for the past 30 months, requires the parties to redact sexually explicit materials relating to the alleged victim. It should be no surprise to defendant that the phone extractions produced by the government contain redactions. In addition, defendant has repeatedly questioned why the government has not produced data for all five phones that were in the alleged victim's possession but ignores the fact that more than two years ago, in January, 2022, the government informed counsel for defendant that three of the cell phones either lack data or cannot be extracted. The government informs the Court that counsel for defendant has been provided forensic copies of all of the phones and the Court has no reason to doubt the veracity of that report.

Defendant's motion (Docket No. 238-1) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: February 16, 2024